# UNITED STATES ET AL. v. NEW JERSEY STATE LOTTERY COMMISSION

No. 73–1471.   Argued November 20, 1974—
Decided February 25, 1975

*Deputy Solicitor General Wallace* argued the cause for petitioners.   On the brief were *Solicitor General Bork, Assistant Attorney General Kauper, Louis F. Claiborne, Danny J. Boggs,* and *Joseph A. Marino.*

*Stephen Skillman,* Assistant Attorney General of New Jersey, argued the cause for respondent.   With him on the brief was *William F. Hyland,* Attorney General.*

---

*Briefs of *amici curiae* urging affirmance were filed by *Robert K. Killian,* Attorney General, and *Barney Lapp* and *Daniel R. Schaefer,* Assistant Attorneys General, for the State of Connecticut; by *Warren B. Rudman,* Attorney General, and *David H. Souter,* Deputy Attorney General, for the State of New Hampshire; by *Louis Schwartz* and *Robert A. Woods* for the Maryland Public Broadcasting Commission; by *William J. Brown,* Attorney General,

PER CURIAM.

This case involves a question regarding the applicability of 18 U. S. C. § 1304, which provides:

> "Whoever broadcasts by means of any radio station for which a license is required by any law of the United States, or whoever, operating any such station, knowingly permits the broadcasting of, any advertisement of or information concerning any lottery, gift enterprise, or similar scheme, offering prizes dependent in whole or in part upon lot or chance, or any list of the prizes drawn or awarded by means of any such lottery, gift enterprise, or scheme, whether said list contains any part or all of such prizes, shall be fined not more than $1,000 or imprisoned not more than one year, or both."

Jersey Cape, a licensed radio station in New Jersey, sued for declaratory relief before the Federal Communications Commission arguing that § 1304 should not apply to the broadcast of the winning number in a lawful state-run lottery such as the one conducted by the State of New Jersey. See N. J. Stat. Ann. § 5:9–1 *et seq.* (1973). The Commission denied relief. 30 F. C. C. 2d 794 (1971). Upon a petition for rehearing, the New Jersey Lottery Commission was allowed to intervene and the FCC reaffirmed its denial. 36 F. C. C. 2d 93 (1972). The Lottery Commission petitioned for review in the Court of Appeals for the Third Circuit, 491 F. 2d 219 (1974), and the States of New Hampshire and Pennsylvania were granted permission to intervene as petitioners, *id.,* at 221

and *Stephen T. Parisi* for the State of Ohio; by *Verne Hodge,* Attorney General, and *Henry L. Feuerzeig,* First Assistant Attorney General, for the Government of the Virgin Islands; by *John B. Summers* for the National Association of Broadcasters; and by *Thomas R. Asher, Melvin L. Wulf,* and *Joel M. Gora* for the American Civil Liberties Union.

n. 2. Sitting en banc, the Third Circuit unanimously reversed the FCC. We granted certiorari to resolve an apparent conflict between that decision and the decision by the Court of Appeals for the Second Circuit in *New York State Broadcasters Assn.* v. *United States,* 414 F. 2d 990 (1969).

Subsequent to the briefing and oral argument of the case in this Court, Congress passed and the President signed Pub. L. 93–583, 88 Stat. 1916, codified at 18 U. S. C. § 1307 (1970 ed., Supp. IV), which, in relevant part, provides:

> "(a) The provisions of section . . . 1304 shall not apply to an advertisement, list of prizes, or information concerning a lottery conducted by a State acting under the authority of State law—
>
> .        .        .        .        .
>
> "(2) broadcast by a radio or television station licensed to a location in that State or an adjacent State which conducts such a lottery."

The United States now urges us to dismiss this case as moot. It points out that the only relief requested was by a broadcaster located in New Jersey, a State that conducts an authorized lottery, and therefore the type of broadcast at issue is now allowed by statute. Intervenor, the State of New Hampshire disputes the suggestion of mootness. New Hampshire argues that the amendment to § 1304 does not grant it full relief. It is noted that Vermont, an adjacent State, does not conduct a state-authorized lottery. Thus, Vermont broadcasters will not be allowed, under § 1304, as modified by § 1307, to broadcast to New Hampshire listeners the winning numbers in the New Hampshire state lottery. New Hampshire apparently believes that this limitation constitutes a denial of First Amendment rights. This specific issue, however, was not briefed or argued in this Court.

In view of the enactment of § 1307, we deem it appropriate to remand to the Court of Appeals so that it may consider whether the case is now moot.  Accordingly, the judgment below is vacated and the case is remanded.

*It is so ordered.*

THE CHIEF JUSTICE took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, dissenting.

With all respect, I do not believe that this case has become moot—certainly not for the reasons intimated by the Court.   The First Amendment provides that Congress shall make no law abridging the freedom of the press. It is to me shocking that a radio station or a newspaper can be regulated by a court or by a commission, to the extent of being prevented from publishing any item of "news" of the day.   So to hold would be a prior restraint of a simple and unadulterated form, barred by constitutional principles.   Can anyone doubt that the winner of a lottery is prime news by our press standards?

In our history, Congress has shown at times an appetite for performing the judicial function of finding people guilty.   That is the reason why the Constitution contains Art. I, § 9, cl. 3, which outlaws bills of attainder. See *United States* v. *Brown,* 381 U. S. 437 (1965); *United States* v. *Lovett,* 328 U. S. 303 (1946).   For Congress to hold that the radio station in the present case was or was not guilty of violating 18 U. S. C. § 1304 would be a flagrant usurpation of Art. III functions.

Our decision should rest not on what Congress has done but on the merits of the controversy, which do not seem to me to be substantial.   I would not presume that Congress undertook to pass on the merits of the claim at

issue before us.*   I would not remand for consideration of the issue of mootness.   To me it is manifest that the case is not moot and that the judgment below should be affirmed.

---

*As the State of New Hampshire points out, the new § 1307 even on its face does not resolve the claims of all parties to this action. New Hampshire, which was granted leave to intervene in the Court of Appeals, conducts a lottery; neighboring Vermont does not. Title 18 U. S. C. § 1307 (a)(2) (1970 ed., Supp. IV), upon which the Court relies, applies only to broadcasts by a station in the State which conducts the lottery, or in an adjacent State which also conducts a lottery; presumably, then, § 1304 remains applicable to a Vermont radio station which desires to broadcast information concerning the New Hampshire lottery. The restraint imposed by § 1304 will thus continue to inhibit the New Hampshire lottery with respect to certain groups of prospective participants, including New Hampshire residents who listen to Vermont radio stations and Vermont residents who might wish to cross the state line and participate.