September 26, 1977

## 77–53 MEMORANDUM OPINION FOR THE UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA

### Constitutionality of 18 U.S.C. § 1302—Lotteries

This is in response to your request for our opinion on the constitutionality of 18 U.S.C. § 1302 as applied to the publication of advertisements in *The Washington Star* by the Maryland Lottery Commission for the Maryland State Lottery. The advertisements consist of a list of winning lottery numbers and the State lottery's logo and slogan. They do not include entry blanks, mailing addresses, or other invitations to use the mails to purchase lottery tickets to be sent from Maryland. We conclude that in these circumstances the First Amendment prohibits the application of 18 U.S.C. § 1302 to the *Star*.[1]

This situation is almost identical to that involved in *Bigelow* v. *Virginia*, 421 U.S. 809 (1975). The Supreme Court held that a commercial advertisement in a Virginia newspaper for a lawful abortion referral service in New York was protected by the First Amendment although abortions were illegal in Virginia at that time. The Court stated that the citizens of a jurisdiction where a service is illegal have the right to travel to a jurisdiction where it is lawful in order to purchase it, and they have the concomitant First Amendment right to receive truthful commercial information that it is available despite the public policy of the home jurisdiction. *Bigelow*, at 821–25. Thus the *Star* would probably be protected by the First Amendment in printing advertisements intend-

---

[1] 18 U.S.C. § 1302 provides in pertinent part:
Whoever knowingly deposits in the mail, or sends or delivers by mail:

\*      \*      \*      \*      \*

Any newspaper, circular, pamphlet, or publication of any kind containing any advertisement of any lottery, gift enterprise, or scheme of any kind offering prizes dependent in whole or in part upon lot or chance, or containing any list of the prizes drawn or awarded by means of any such lottery, gift enterprise, or scheme, whether said list contains any part of all of such prices; . . .

\*      \*      \*      \*      \*

Shall be fined not more than $1,000 or imprisoned not more than two years, or both; . . .

ed to induce residents of the District of Columbia or Virginia to come to Maryland to buy lottery tickets.

We also note that one circuit court of appeals has held that the First Amendment protects the right of the news media in one State to publish the results of another State's legal lottery as an item of news interest. *New Jersey State Lottery Commission* v. *United States.* 491 F. 2d 219 (3rd Cir. 1974), *vacated as moot,* 420 U.S. 371 (1975). The advertisements in question may be considered to have news interest even though paid for by the advertiser. *Cf., New York Times Co.* v. *Sullivan,* 376 U.S. 254, 265–66 (1964). But an advertisement that invited readers to use the mails to purchase lottery tickets within a jurisdiction where this is illegal, is arguably an unprotected invitation to violate the law. *See, Bigelow, supra,* at 826–29 (1975).

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
