**SCHLAIFER NANCE & COMPANY, INC., Plaintiff,**

v.

**The ESTATE OF Andy WARHOL, Defendant.**

**No. 90 Civ. 1095 (LLS).**

United States District Court, S.D. New York.

Aug. 15, 1990.

Paul K. Rooney, New York City, for plaintiff.

Paul J. Hanly, Jr., Coblence Warner Hamilton & Smith, Steven M. Hayes, Parcher & Hayes, New York City, for defendant.

## MEMORANDUM AND ORDER

STANTON, District Judge.

Plaintiff Schlaifer Nance & Company, Inc. ("SNC") moves for an order directing defendant the Estate of Andy Warhol (the "Estate") to turn over to SNC all documents given to the Estate in breach of a settlement agreement in another action, to which the Estate was not a party.

In 1985, Original Appalachian Artworks, Inc. ("OAA") sued SNC in the United States District Court for the Northern District of Georgia (the "OAA action"). As part of the settlement of that action, the parties to it agreed "to destroy or return all copies of all documents to the party which produced them". (Affidavit of Paul K. Rooney sworn to July 18, 1990 ¶¶ 2–3, exhibit 1). Later, the Estate retained the former counsel for OAA, Messrs. Kilpatrick & Cody of Atlanta, Georgia, to represent the Estate in an arbitration proceeding it anticipated SNC might bring in Atlanta. (*Id.* ¶ 4; Affidavit of Paul J. Hanley sworn to July 30, 1990 ¶ 3). That arbitration is now pending.

It appears that a partner at Kilpatrick & Cody, Jerre Swann, Esq., gave the Estate documents that SNC had produced in the OAA action, but which had been neither destroyed nor returned to SNC. The Estate received those documents before discovery in this action began, and its counsel in this action (not Kilpatrick & Cody) denies knowing that the documents were under restrictions when he received them. (*Id.*

¶ 4). SNC asserts that the Estate should be ordered to return those documents.

Courts may issue orders "under the inherent 'equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices.'" *International Products Corp. v. Koons*, 325 F.2d 403, 407–08 (2d Cir.1963) (quoting *Gumbel v. Pitkin*, 124 U.S. 131, 144, 8 S.Ct. 379, 383, 31 L.Ed. 374 (1888)).

However, Mr. Swann obtained those documents in another action in his capacity as counsel for OAA, and he voluntarily gave them to the Estate. Neither the Federal Rules of Civil Procedure nor courts' inherent powers support an order prohibiting use of information innocently obtained from third parties without use of judicial process. *See Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 945–46 (2d Cir.1983).

While Mr. Swann apparently produced the documents in violation of the settlement agreement in the OAA action at the time the Estate retained him, there is no showing that the Estate engaged in any wrongdoing in receiving them. Although SNC asserts that the Estate induced Mr. Swann to breach the agreement by retaining his firm, it offers no evidence to support that contention.

Accordingly, there is no reason to attribute Mr. Swann's breach to the Estate, or to deny it the use of relevant documents because of his breach of an agreement made in an unrelated action. Even a party who induced the breach of an agreement not to disclose trade secrets may not be liable for their use until it learns that it induced the breach. *Conmar Products Corp. v. Universal Slide Fastener Co.*, 172 F.2d 150, 156–57 (2d Cir.1949) ("Having acquired the secrets innocently, they were entitled to exploit them till they learned that they had induced the breach of the contract."). Here there is no showing that the Estate induced the breach of the contract. Nor is there sufficient reason, in its discovery of Mr. Swann's breach, to bar the Estate's use of the documents. The non-attribution to the Estate of Mr. Swann's action, the fact that the Estate was not a

party to the settlement of the OAA action and did not agree to its burdens, and the policy favoring full disclosure in federal litigation overcome the temptation to extend the principle that a client should not benefit from the wrongdoing of his attorney.

The motion is denied.