Amy SPECKMAN, Plaintiff,

v.

MINNESOTA MINING AND MANUFACTURING CO., a Delaware Corporation, d/b/a 3M, Defendant.

No. 4:96CV3292.

United States District Court,
D. Nebraska.

Oct. 14, 1997.

Charles H. Wagner, Becky J. Dias, Edstrom, Bromm Law Firm, Wahoo, NE, Kathleen M. Neary, Lincoln, NE, for Plaintiff.

Daniel E. Klaus, Rembolt, Ludtke Law Firm, Lincoln, NE, Larry M. Schumaker, Joseph P. Leon, Shook, Hardy Law Firm, Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

There are a number of pending matters in this case, but because of my disposition of the first, I do not address the remaining motions at this time.

A motion has been filed by defendant for sanctions and a protective order, arising from an incident that occurred on June 18, 1997. The defendant's motion was accompanied by documentary evidence. Plaintiff has responded to the motion by brief, and additional documentary evidence. Neither side has requested an evidentiary hearing. See NELR 7.1(f).

From the documents filed with the motion, I find the following to be true. On June 18, 1997 at the conclusion of several depositions taken over two days by plaintiff's counsel at defendant's Valley, Nebraska plant,[1] the plaintiff and plaintiff's attorney removed, without authorization or permission, a document posted on a bulletin board. They had been escorted to the exit area of the facility, but after the escort re-entered the work area, leaving them unaccompanied in the foyer area, they took a job announcement from the bulletin board before exiting the plant. The incident was captured on the defendant's security camera in the area. When plaintiff's counsel was asked the following day whether he had taken anything from the defendant's plant, he admitted taking the announcement and said that he had copied it and "dropped it back in the mail" to defendant's counsel to be returned. However, the letter from him to defendant's counsel enclosing the document is dated June 20, 1997, the day following the confrontation by defense counsel, and there is a stamped date of June 23, 1997 on the upper right corner of the letter, which I infer is the date the letter was received at the office of defense counsel in Kansas City.

The document taken, a copy of which has been filed, is not privileged, work product, or even critical to the lawsuit. It is an announcement which reads: "3M Job Applications will be available on Monday—June 2nd at the NE Job Service Offices in Fremont and Omaha." At most, it may be cumulative evidence relevant to this dispute. The manner of its taking, however, is most disturbing.

This was not the first confrontation between counsel in this case, but those had not resulted in sanction motions. Although this action also preceded other unnecessarily contentious actions taken by plaintiff's counsel in this case, (See filings 70, 80, 81), it is just now being considered because of delays granted plaintiff in responding to the motion.

## DISCUSSION

█ Misappropriating documents from an opponent or its lawyers violates the Federal Rules of Civil Procedure, which require that requests for the production of documents "shall" be made by serving a request

---

1. The depositions were taken at defendant's plant over defendant's objection only when this court denied defendant's motion for a protective order regarding the location. See filing 63.

on opposing counsel. *F.R.Civ.P.* 34(b). Circumventing the discovery process is not to be taken lightly; in fact, such actions have resulted in serious sanctions in other circumstances. *See Fayemi v. Hambrecht and Quist, Inc.,* 174 F.R.D. 319, 74 Fair Empl. Prac.Cas. 1133 (S.D.N.Y.1997) (preclusion of stolen documents); *Peerless Indus. Paint Coatings Co. v. Canam Steel Corp.,* 979 F.2d 685 (8th Cir.1992) ($30,000 sanction upheld for attorney's compliance with client's false response to discovery requests); *Kearns v. Ford Motor Co.,* 114 F.R.D. 57 (E.D.Mich. 1987) (plaintiff fined $10,000 for surreptitiously purloining confidential documents from defendant's lawyers).

Not only is it a violation of the rules, but it is also a violation of this court and its process. It must be remembered that the only reason that plaintiff and her attorney were on the defendant's property at all was because it was specifically allowed by this court, over defendant's objection. Their presence there was for a specific, limited purpose: to take depositions. They had no *carte blanch* authorization to rifle among defendant's documents or to conduct an inspection of the plant. As addressed in circumstances similar to these:

> The actual content of the documents whether privileged, non-privileged, relevant or irrelevant is not the crux of this dispute. It is the general abuse of the discovery process being conducted under the authority of this court and the ability to punish the perpetration of fraud upon the court that must be sanctioned. One can never be sure what Mr. Perna saw or copied, or what, if anything, he retained in his memory. It is not necessary to demonstrate that the purloined documents were relevant to this lawsuit. Rather it is the conduct that must be recognized as an interference with the judicial process and the orderly and fair administration of justice.

*Perna v. Electronic Data Sys., Corp.,* 916 F.Supp. 388, 401 (D.N.J.1995). Thus, no matter how insignificant or harmless plaintiff's counsel may wish to paint the incident, it is indeed serious.

Nor do I accept the argument of plaintiff's counsel that during the depositions defendant's counsel would not permit the copying of documents. The deposition testimony cited for that argument (Deposition of Paul B. Holley, Filing 121, Exhibit 1, 14:17–22), was not in reference to this particular document at all, but rather respecting other documents that were improperly subpoenaed for production at the deposition, as the context of the deposition record clearly discloses. See (Filing 121, Exhibit 1, 12:1–15:6, and Filing 70). There is no evidence submitted that this document was ever properly sought through the discovery process.

■ It is now clear that a federal court has the inherent power to sanction for conduct which abuses the judicial process. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 2132–33, 115 L.Ed.2d 27 (1991). This power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Moreover, pursuant to this power, a court may impose the severe sanction of dismissal with prejudice (or its equivalent, judgment) if the circumstances so warrant. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488, (1980).

Defendant has not sought dismissal as a sanction in this instance, and that is appropriate. As stated, the document was not critical, privileged, or work product. (Deposition testimony of Diane K. Agnitsch, Filing 121, Exhibit 2, 39:24 – 41:2). It would have been subject to production if plaintiff had sought it, assuming it is even relevant. There was no prejudice visited upon the defendant by this incident, and dismissal would be much too severe a penalty.

■ Rather, the defendant seeks an order imposing upon plaintiff a $1,000 expense to be paid to defendant for bringing the motion; an order of preclusion; a protective order from any further discovery being conducted on 3M premises; and an order directing plaintiff and her counsel to account for any other documents purloined from defendant or

third-party witnesses during other discovery depositions. These requested sanctions are warranted insofar as the defendant is concerned, for they will redress the harm done to it.

█ They do not redress the harm done to the court and the discovery process, however. It is important that the court have confidence in the representations placed before it by plaintiff's counsel to ensure that consideration of plaintiff's claims is not tainted by the behavior of her lawyer. Both the original taking of the document and the subsequent misrepresentation to defendant's counsel about having already mailed it back, erode considerably any such confidence.

This kind of incident also undermines public confidence in our justice system. When litigating a dispute, parties are entitled to confidence that the dispute will be decided fairly, on its merits, without the gamesmanship or arbitrariness of some other forms of dispute resolution through the ages. When a party's lawyer calls her back into a building in order to steal a document in circumvention of the discovery process, such action cannot but erode the confidence held in the court system by even that party, not to mention the opponent and its counsel. Although certainly more egregious circumstances have occurred, the underlying action nevertheless represents a blatant affront to the notion of fairness, dignity, and orderly dispute resolution. An appropriate sanction should be restorative of these interests.

It is also important that others be deterred from such conduct. The sanctions ordered below are designed to serve that end, as well. The payment of money is less significant to the other interests outlined above, for mere payment of money cannot excuse the behavior.

Because the actions appear from the evidence to have been instigated by counsel, rather than by plaintiff herself, I shall impose sanctions only on counsel. However, I shall also require that an additional lawyer be hired to represent plaintiff in this case, so as to restore confidence that the personalities of counsel have not tainted presentations to this court to the detriment of either plaintiff or defendant. Finally, I shall delay the fur-

ther consideration of pending matters pending this transition, in the hopes that new counsel may be able to reduce the level of contentiousness now unnecessarily embroiling this case.

IT THEREFORE HEREBY IS ORDERED:

1. The defendant's motion for sanctions and protective order, filing 78, is granted, and

a. Plaintiff is precluded at trial from using as evidence in any way the document misappropriated;

b. Plaintiff's counsel shall within thirty days associate with other counsel from a different law office to act as co-counsel in further representing the plaintiff in this case; such association shall not in any way be used to charge the plaintiff a larger attorney fee;

c. No further discovery in this case shall take place at the Valley, Nebraska plant of the defendant;

d. In the event plaintiff or her counsel have taken without authorization any other documents or things from the premises of the defendant or any third-party witness in this case, such items shall be delivered to the court forthwith, together with appropriate affidavits explaining the circumstances.

e Plaintiff's counsel is admonished that any further violations of professional standards in this court will result in harsh sanctions and/or disciplinary proceedings;

f. The clerk shall send a copy of this memorandum and order to the Nebraska State Bar Association Counsel for Discipline.

2. On the court's own motion, consideration of all other pending motions in this case is deferred until such time as plaintiff's new co-counsel has appeared and certifies in accordance with the provisions of NELR 7.1(I) that he or she has conferred with defendant's counsel in an attempt to resolve all disputed matters and that despite sincere efforts toward same, counsel have been unable to reach an accord, stating therein the matters that remain in dispute.

3. On the court's own motion, this case is removed from the active trial calendar until further order, following the appearance of additional counsel for the plaintiff and resolution of pending discovery motions. The pretrial conference scheduled for October 22, 1997 is accordingly canceled.

4. Defendant is awarded its reasonable expenses, including attorney fees, in bringing this motion before the court. Counsel shall confer regarding an appropriate amount to be awarded. In the event counsel are able to agree to an amount, a stipulation reciting their agreement shall be filed within 15 days. In the event counsel are unable to agree, defendant's application for fees may be filed within 15 days, properly supported in accordance with the local rules. Plaintiff's response shall be due 15 days thereafter. If either side desires a hearing on the matter of fees, request therefor shall be included in the application or the response, as applicable. In the absence of either a stipulation or an application being filed, the amount of $1,000.00 shall be awarded to defendant taxed against plaintiff's counsel only and shall be made a part of the judgment eventually entered in this case.