Virginie GEORGE, Plaintiff,

v.

INDUSTRIAL MAINTENANCE CORP., Jacobs/IMC, LLC., Hess Oil Virgin Islands Corporation, and Hovensa, LLC., as Successor in Interest to Hovic, Defendants.

No. CIV.1999/203.

District Court, Virgin Islands, D. St. Croix.

April 9, 2002.

## ORDER ON DEFENDANT JACOBS/IMC'S MOTION FOR SANCTIONS AND FOR PRECLUSION OF DOCUMENTS

RESNICK, United States Magistrate Judge.

THIS MATTER is before the Court on a motion for sanctions and for preclusion of documents filed by defendant Jacobs/IMC ["Defendant"]. Plaintiff filed opposition to the motion and defendant filed its Reply to such opposition. Defendant claims that plaintiff and his attorney are in possession of purloined and proprietary documents belonging to defendant and which were removed, without permission, from a secure location on defendant's premises. Defendant alleges that by disseminating the documents and by refusing to return them, plaintiff has committed an ethical violation. Defendant seeks an order directing the plaintiff to refrain from further publication, dissemination and discussion of the documents and an award of attorneys' fees incurred in bringing the instant motion.

### BACKGROUND FACTS

The underlying matter is a discrimination action filed by plaintiff, a former employee of Jacobs/IMC. Plaintiff alleges that he was discriminated against in terms of his hiring, compensation, and benefits, because of his race and national origin.

Discovery has been ongoing. Plaintiff claims that the documents in question were left in a brown envelope at his attorney's office, by someone unknown.[1] The materials include emails regarding benefits

---

1. For purpose hereof the court has accepted such statement but will require averment of such fact.

and pay and also the pay scales and benefits of all of defendant's employees. After notifying the defendant, plaintiff's attorney disseminated the materials to the press, the members of the Virgin Islands Legislature, and law enforcement authorities. Upon learning of plaintiff's receipt and dissemination of said documents, defendant filed its motion.

Plaintiff claims that neither he nor his attorney are responsible for taking the documents from Jacobs/IMC. He further claims that the information in the documents was requested from defendant but was wrongfully withheld. Additionally, plaintiff claims that there is no privilege, no wrongdoing, no violation of any ethical rules and, thus, sanctions are not warranted.

## DISCUSSION

Defendant first claims that plaintiff is subject to sanctions for obtaining and disseminating confidential and proprietary documents through improper means. Defendant argues that the materials should have been handled pursuant to the procedures contained in ABA Formal Opinion 94–382. Additionally, defendant accuses the plaintiff of participating in the theft of the documents.

### Court's Treatment of Materials Obtained Outside the Discovery Process

■ It is established law that courts have the inherent power to regulate the use of litigation evidence wrongfully obtained. *Rodgers v. United States Steel Corp.*, 536 F.2d 1001, 1006 (3d Cir.1976); *Fayemi v. Hambrecht and Quist, Inc.*, 174 F.R.D. 319, 323 (S.D.N.Y.1997); *In re Shell Oil Refinery*, 143 F.R.D. 105, 108 (E.D.La.1992). However, in some cases, the imposition of limits on the use of materials obtained outside of the discovery process is deemed a prior restraint, in violation of the First Amendment. *Rodgers,* 536 F.2d at 1008 (3d Cir.1976); *Cooper Hospital/University Medical Center v. Sullivan,* 183 F.R.D. 135 (D.N.J.1998); *Stamy v. Packer,* 138 F.R.D. 412 (D.N.J. 1990); *Schlaifer Nance & Co. v. Warhol,* 742 F.Supp. 165 (S.D.N.Y.1990). Weighing in on the subject, ABA Opinion 94–382 advises that a lawyer who receives privileged or confidential materials should refrain from reviewing them; advise the adversary that she has such materials; and await a resolution for disposition of the materials from a court.

It is against this backdrop that this court must determine whether to sanction an attorney who, through no affirmative act of her own, has received an opponent's privileged or confidential materials and makes use of them.

### Materials Requested but Not Produced by Defendant

Plaintiff argues that the materials supplied to his attorney had been requested but not produced by the defendant. Specifically, plaintiff identifies Requests for Production Nos. 13 through 17 which request any writings, email, and correspondence concerning defendant's policies, practices, guidelines, procedures and criteria for determining employees' pay rate, overtime, benefits, including housing, job title, promotion, lay off, transfer, job promotion, and job assignments during the past 3 years. Plaintiff also claims to have requested evidence of pay rates and overtime benefits of defendant's employees.[2] Plaintiff further argues that the documents were copies and had been disseminated to defendant's employees.

---

2. Plaintiff has not shown evidence that such request was made. Plaintiff's reference in his opposition to Demand No. 13 is not appropriate. That demand only requested documents concerning defendant's policies and not the employees' actual pay rates.

In its response to the discovery requests, defendant responded that the materials did not exist. It now maintains that the materials obtained by plaintiff are not relevant to any of plaintiff's claims. Defendant seeks an order preventing plaintiff "from the use, distribution, dissemination, publication or other verbal or written representation concerning the subject matter or factual information contained in or obtained ... outside the litigation." Upon review of the subject emails, the court finds that the information contained therein was fairly encompassed with the plaintiff's referenced discovery requests, and may be relevant to plaintiff's claims.

■ Requests to prohibit disclosure of documents obtained *outside the discovery process* are highly disfavored by the courts, except in cases where disclosure "would present a clear and present danger or a reasonable likelihood of a serious and imminent threat to the administration of justice." [3] *New Jersey State Lottery Commission v. United States*, 491 F.2d 219, 222 (3d Cir.1974) *(en banc) vacated on other grounds*, 420 U.S. 371, 95 S.Ct. 941, 43 L.Ed.2d 260 (1975). Defendant relies on *Fayemi*, 174 F.R.D. 319 (S.D.N.Y.1997) and *Speckman v. Minnesota Mining and Manufacturing Co.*, 7 F.Supp.2d 1030 (D.Neb.1997), to support its argument that failure to sanction plaintiff's counsel for the retention of the documents would mean that the court was complicit in the misconduct. However, a crucial difference between those cases and the instant one is that, in those cases, the documents were wrongfully procured by the plaintiff or the attorney. In *Fayemi*, the documents were taken by the plaintiff himself from a locked file cabinet on the defendant's premises. The Court found that such misconduct

warranted sanctions. *Id. at* 325. However, the court employed the "unclean hands doctrine" and withheld sanctions because the defendant had subsequently engaged in misconduct by destroying the documents which were subject to disclosure. *Id. at* 326–27.

Similarly, in *Speckman*, the attorney himself was responsible for taking a document from the defendant's premises without permission. The Court found such misconduct unappealing and precluded use of that document in litigation. *Id. at* 1032.

■ In this case, defendant has not proven that either the plaintiff or the plaintiff's attorney were in any way responsible for taking the documents from defendant's property. Defendant's conjecture that the documents were procured by one Shirlene Taylor, a past employee of Jacobs/IMC and a present client of plaintiff's counsel, does not rise to the level of establishing wrongdoing on the part of this plaintiff and his counsel. In the absence of evidence of any such misconduct, the Court finds that sanctions are not warranted against plaintiff and his attorney.

■ Moreover, defendant's conduct itself is less than exemplary. The documents in question (other than the specific employee pay rates) were requested from defendant during the course of discovery and were not produced by defendant. Defendant indicated that they did not exist. A party will be denied equitable relief where it has itself acted unconscionably in relation to the matter at issue to the detriment of the other party. *Fayemi*, at 326, citing *Estate of Lennon v. Screen Creations, Ltd.*, 939 F.Supp. 287, 293 (S.D.N.Y.1996). Thus, defendant's own

---

**3.** Courts agree that materials which are part of discovery do not raise First Amendment concerns. *Rodgers*, 536 F.2d at 1006; *Cooper*, 183 F.R.D. at 146.

failure to produce requested documents [4] is also a factor weighing against imposition of sanctions.

**Plaintiff's Use of the Information Received ·**

■ Any party seeking to prevent disclosure of information must demonstrate "good cause", i.e., "that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples ... will not suffice." *Cooper, citing Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir.1995). The Third Circuit has stated that a court faced with such a determination must decide

> "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public."

*Glenmede,* 56 F.3d at 483.

■ Disclosure of the documents regarding the pay rate and salaries implicate the privacy interests of some of defendant's employees. There is a strong tradition of preserving the confidentiality of a person's salary information. *Dorchy v. Washington Metropolitan Area Transit Authority,* 45 F.Supp.2d 5, 15 (D.D.C. 1999); *Onwuka v. Federal Express Corp., et. al.,* 178 F.R.D. 508, 517–18 (D.Minn.

1997). Although personnel files may be discoverable, they contain confidential information and discovery of them should be limited. *Northern v. City of Philadelphia,* 2000 WL 355526, *3 (E.D.Pa. Apr.4, 2000). Most of the persons identified in the payroll records have no relation to this lawsuit. Allowing plaintiff to utilize that information would thrust them, unwittingly, into this lawsuit. The plaintiff has not shown how revelation of this information justifies the invasion of privacy and the potential embarrassment that would inure to these non-parties.

■ In the past, this court has allowed limited production of salary information. *Henry v. IMC,* Dist.Ct. Civ. No.1999–28 (Ord.d.9/6/00). For example, the Court has allowed production accompanied by a Confidentiality Agreement. *See, Chaparro v. ICC,* Dist. Ct. Civ. No.1999–190 (Order d. Aug.1.2000); or has allowed presentation of such information in the form of a summary of data with appropriate particulars omitted. *Rennie, et. al. v. HOVIC,* D.Ct. Civ. Nos. 94–82, 95–66 (Orders d. 12/10/96 & 12/19/96). In this matter, plaintiff has not yet demonstrated any proper request for salary information of non-party employees and, accordingly, the court cannot yet rule on the extent of any information to be allowed and under what conditions. Typically, the discovery allowed would be tailored to the pleadings. *Dorchy,* 45 F.Supp.2d at 15. As the Court stated in *Onwuka,*

> "We think the proper balance between privacy interests of non-party third persons and the discovery interests of a party litigant is to assure that only those portions of the pertinent personnel files, which are clearly relevant to the parties' claims, are open to disclosure and then

---

**4.** Defendant failed to produce the relevant documents and provided no assertion of privilege with regard thereto. Fed.R.Civ.P. 26(b)(1)(5).

subject to an appropriate Confidentiality Order as the circumstances require."
178 F.R.D. at 517–18. *See also, Northern,* at *3; *Miles v. The Boeing Co.,* 154 F.R.D. 112, 115 (E.D.Pa.1994). The information must be limited in scope in accordance with the Fed.R.Civ.P. 26(b)(1) and tied to the allegations of plaintiff's complaint. *Kresefky v. Panasonic Communications & Systems, Co., et. al.,* 169 F.R.D. 54, 66 (D.N.J.1996). Therefore, plaintiff will be ordered to refrain from any use of the particular salary information *in this litigation* until such time that proper issues have been presented and an appropriate order entered, in order to preserve the privacy interests of non-parties.

■ Because the salary information was obtained outside of discovery in this case, and because such information while perhaps relevant to this matter, may also have relevance to other cases or proceedings, the court lacks authority under the penumbra of this case to restrict other usage thereof. Plaintiff and his attorney should, however, consider the privacy rights of such non-party employees in future dissemination of the information.

As to the remainder of the information which was requested and not produced, i.e., the memoranda and emails, the defendant has articulated an insufficient basis for granting the relief that it seeks. Even highly sensitive personal information is not immune from disclosure, if obtained outside the discovery process.

Additionally, defendant has asserted no privilege. In *Stamy v. Packer,* 138 F.R.D. 412 (D.N.J.1990), a psychiatrist was sued for medical malpractice after having a lesbian relationship with a patient. The psychiatrist filed a motion for a protective order to prevent the disclosure of certain discovery material and to prevent further discussion of her sexual preference by plaintiff. The Court granted the motion regarding disclosure of the discovery material but found that it could not prevent the plaintiff from discussing any information she learned independent of the litigation. *Id.* at 417. The Court found that doing so would amount to an unconstitutional prior restraint. *Id.*

The specter of negative pretrial publicity and possible jury tainting are also not sufficient grounds for preventing disclosure. As the court stated in *Cooper,* "Courts routinely empanel juries in cases of great public concern without jeopardizing a party's right to trial by an impartial jury. Avoiding such prejudice is the very purpose of voir dire." *Id.* at 145. The *Cooper* Court dismissed this problem as speculative. *Id.*[5]

Defendant argues that release of these materials may be prejudicial and inflammatory. In *Cipollone v. Liggett Group,* 785 F.2d 1108 (3d Cir.1986), the Court explained that "[B]ecause release of information not intended by the writer to be for public consumption will almost always have some tendency to embarrass, [the movant] must demonstrate that the embarrassment will be particularly serious." 785 F.2d at 1121. For example, "[a] business will have to show with some specificity that the embarrassment resulting from the dissemination of the information would cause a significant harm to its competitive and financial position." *Id.* Defendant has not demonstrated any prejudice to its financial well-being.

This case involves issues important to the general public. The Virgin Islands government maintains a strong public policy against discrimination in employment.

---

5. Defendant's motion to transfer this matter to the judicial division of St. Thomas/St. John on the basis of pretrial publicity is currently pending.

To that end, the Legislature has adopted all of the federal anti-discrimination statutes and has enacted the Wrongful Discharge Act which allows an employer to terminate an employee on only nine enumerated grounds, unless modified by union contract. Defendant is a well-established company doing business in the territory and claims of discrimination in employment by defendant would be of interest to the public. Orders precluding dissemination of information regarding hiring and pay practices would jeopardize the public's first amendment interest in holding corporations accountable for their practices.

**CONCLUSION**

ABA Opinion 94–382 contains no absolute rule regarding the right of an attorney to use material obtained by him outside the judicial process. In fact, the Standing Committee commented that,

> "[i]n certain circumstances, the law may recognize some right to the use of the materials despite the fact that the sender had no authority to transmit them.... For example, the receiving lawyer may have a legitimate claim that the documents should have been, but were not, produced by an adverse party in response to pending discovery requests."

Thus, sanctions are not warranted in this case. Plaintiff has not violated any ethical rules and defendant has failed to meet the rigorous standard required for the imposition of limits on information which was obtained outside of the discovery process. Further, defendant itself failed to produce the information when requested to do so. To enjoin dissemination of information

simply because it divulges unfavorable publicity contravenes the spirit of the First Amendment. Moreover, general allegations of injury to reputation, or economic harm, are insufficient to justify imposition of an order preventing the dissemination of first amendment material.[6]

Based on the foregoing, the defendant's motion for sanctions and for preclusion of documents must be denied.

Now, therefore, it is hereby ORDERED AS FOLLOWS:

1. Within ten (10) days of date of this Order, plaintiff's attorney shall file and serve an Affidavit detailing the manner in which the subject documents were obtained. Plaintiff's attorney shall include averments by herself *and the plaintiff* denying any complicity or prior knowledge with regard thereto;

2. That the defendant's motion for sanctions is DENIED;

3. That the defendant's motion for preclusion of documents herein is GRANTED with regard to the particular salary information of defendant's employees; and DENIED with respect to the subject emails;

4. Defendant's motion to preclude other dissemination, publication or commentary on the information obtained by plaintiff is DENIED;

5. The issue concerning production and use of particular salary information of defendant's employees may be addressed at a later date upon appropriate pleadings.

---

6. Notwithstanding the above, the Court is concerned with plaintiff's attorney's conduct herein. Although it appears that plaintiff's attorney notified the defendant that she had received such information, she did not wait for disposition of this sensitive issue by the court. Instead, she publicized the documents, without regard to the impact on the fair and efficient administration of justice and on potential jurors. Further, nothing herein constitutes approbation of any illegal removal of defendant's files (by whomever). That matter may be redressed in other appropriate fora.

6. Nothing herein shall be determinative of the admissibility at trial of any documents which are the subject of this Order.