**Arthur William MILES**

v.

**The BOEING COMPANY.**

**Civ. A. No. 93–3063.**

United States District Court,
E.D. Pennsylvania.

March 2, 1994.

Sharon K. Wallis, Philadelphia, PA, for plaintiff.

Paul D. Snitzer, Dechert, Prince & Rhoads, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

NAYTHONS, United States Magistrate Judge.

Presently before this Court is the Motion of Defendant, Boeing Company, for a Protective Order and Plaintiff's Memorandum in Opposition to Defendants' Motion. The plaintiff has brought this civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, to remedy employment discrimination on the basis of race.

The Complaint alleges that plaintiff, Arthur Miles, who is black, was demoted from

the position of Hydraulic Component Mechanic A in August, 1991, and that he was not selected for an opening in the same position in September, 1991, because of his race. Boeing contends that Miles was removed from the Hydraulic Component Mechanic A position in August, 1991 because of a labor surplus, and that the selection of a white employee, Gerald Chorney, to fill the position in September 1991 was appropriate under its labor contract.

## DISCUSSION

■ Under Federal Rule of Civil Procedure 26(c)(7), the court may order, upon good cause shown, that "a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." In order to demonstrate good cause under this provision, the party seeking the order must show that the information sought is a trade secret or other confidential information protected by Rule 26(c)(7), and that the harm caused by its disclosure outweighs the need of the party seeking disclosure. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F.Supp. 866 (E.D.Pa.1981).

■ In the present case, Boeing argues that the documents sought in Requests Nos. 18 and 19 consist of confidential commercial information and should be disclosed only under the terms of a protective order. *See* Defendant's Motion for Protective Order at 2. First, plaintiff has sought Operations and Inspection ("O & IR") Records from Boeing's production shop that refurbishes absorbers for military helicopters. *See* Plaintiff's Request No. 19. Boeing's O & IR Record is a guide to the what and how specific products are manufactured including an ordered list of the tasks to be performed on each part made by Boeing during the manufacturing process. Affidavit of Al Mansi ¶ 2. Second, plaintiff has sought documents from Boeing's labor-reporting system that records the number of hours actually worked on each task by an employee. *See* Plaintiff's Request No. 18. Boeing's labor-reporting system requires production and maintenance employees to log-in when they begin a job and log-out when they are no longer working on the job. Mansi Affidavit ¶ 3.

■ Plaintiff argues that Boeing has failed to allege "good cause" that the disclosure of such information would cause a harm sufficient to warrant a protective order. He argues further that any claims of harm by Boeing are not specific and are overbroad. *See* Plaintiff's Memorandum at 6. The party seeking a protective order has the burden of showing good cause for the order to issue. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir.1986); *Zenith*, 529 F.Supp. at 890. This Court recognizes that to show cause, the moving party must show with specificity the injury which allegedly will result from disclosure without broad allegations. *Cipollone*, 785 F.2d at 1121.

■ In the affidavit filed by Boeing, the Director of Labor Relations details the competitive harm which would result from disclosure of manufacturing and task performance documents. The subject matter of confidential business information is broad, including a wide variety of business information. *Zenith*, 529 F.Supp. at 890. Competitive disadvantage is a type of harm cognizable under Rule 26, and it is clear that a court may issue a protective order restricting disclosure of discovery materials to protect a party from being put at a competitive disadvantage. *Id. See also Ball Memorial Hosp., Inc. v. Mutual Hosp. Ins.*, 784 F.2d 1325, 1345 (7th Cir. 1986) (insurance provider's data on prices bid by hospitals and the calculations the insurance provider performed to decide which hospitals to include in its health care package was confidential for fear that the hospitals could use the comparative price information to raise their prices or collude in future years).

In the present case, both sets of documents contain confidential business information. The labor-reporting system shows the exact time spent on each task with regard to the manufacturing of helicopters and the repairing of absorbers. The time spent on each task multiplied by the salaries of its employees indicates the labor cost to Boeing. Such information reflects upon Boeing's price competitiveness in its market. If the information sought was made available to the

general public, it would directly reflect Boeing's labor costs allowing competitors to examine Boeing's production abilities.

However, since plaintiff's requests seek information which would document or disprove a labor surplus, information extremely relevant to plaintiff's cause of action, I will allow discovery of the material, but grant a protective order limiting its use. Boeing records, including shop schedules from January 1, 1991 to December 31, 1993, work orders for absorbers from January 1, 1991 to December 31, 1991, including annotations of work performed, and any document pertaining to labor requirements in the Hydraulic Family Group from January 1, 1991 to December 31, 1993, shall be subject to a protective order prohibiting disclosure to anyone but expert witnesses, and requiring their return to defendant after termination of this litigation. *See Littlejohn v. BIC Corp.*, 851 F.2d 673 (3d Cir.1988).

 Plaintiff also seeks the entire personnel file of Gerald Chorney. Boeing argues that the personnel file is confidential and should be subject to a protective order. Although employment information regarding a competing candidate in an employment discrimination case is subject to discovery, *University of Pennsylvania v. E.E.O.C.*, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990), personnel files are confidential and discovery should be limited. *Orbovich v. Macalester College*, 119 F.R.D. 411, 415 (D.Minn.1988). Plaintiff alleges that its counsel has expunged all "sensitive" information and that no good cause exists for a protective order. *See* Plaintiff's Memorandum at 7–8.

In *Department of the Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976), the United States Supreme Court held that disclosure of personnel files would be permissible under a protective order redacting the names and characteristics of the subjects involved. In the present case, it is clear that disclosure of Boeing's personnel files would constitute an invasion of privacy. *See Robinson v. Magovern*, 83 F.R.D. 79, 91 (W.D.Pa.1979). However, the contents of the personnel file of plaintiff's replacement is clearly within the scope of Rule 26(b), and goes to the issue of pretext. *Orbovich*, 119

F.R.D. at 414. Therefore, the personnel file of Chorney will be produced subject to a protective order, as ordered by this Court. *See Robinson, supra.*

As a final matter, plaintiff argues that Boeing is requesting a protective order for the sole reason of preventing plaintiff's counsel from using the information in other actions. Plaintiff cites *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539 (N.D.Ind.1991), for the proposition that collaborative use of discovery materials fosters just, speedy and inexpensive determination of every civil action. Citing *Wauchop*, plaintiff contends that the risk a party receiving discovery will share it with others, or use it in other litigation, does not constitute good cause for a protective order. This Court agrees that discovery may be shared between litigants. However, the issue remains as to the confidentiality of the documents. As stated above, the documents contain confidential information protected by Rule 26(c)(7). Therefore, the use of the information will be limited by a protective order.

In seeking to protect confidential documents Defendant's proposed Order allows "The Boeing Company" to designate as "Confidential Document" "any Operations and Inspection Record; Labor–Reporting System Record and Personnel File". Paragraph 2 of the proposed Order allows Boeing to "designate any Confidential Document it makes available for production as a Confidential Document by stamping the cover or first page of such document and each page containing Confidential Material 'Confidential'". No mechanism is created for Plaintiff to challenge this designation in the event of its misuse, except at the point of a proposed disclosure of such information to any person, other than the outside counsel and the employees and experts. Then defendant may consent to such disclosure or make application to the court to prohibit it.

 I am ordering a procedure to challenge confidentiality much earlier in the process, before material is labeled. I am requiring defendant to show good cause for any and all confidential designations. As revised the order shall require defendant to desig-

nate information as confidential pending either an agreement to that effect with Plaintiff or the decision on a motion to that effect made by defendant within ten days of such designation. This system does not allow misuse of the confidential designation and places the burden of proving such confidentiality squarely upon defendant as is required by Rule 26(c) and the First Amendment. *See* e.g. *In re Petroleum Products Antitrust Litigation,* 101 F.R.D. 34, 44 (C.D.Calif.1984). To allow information to become presumptively confidential without affording Plaintiff an opportunity to disagree with that designation and then to bear the burden of mounting a challenge would run afoul of the basic burden—shifting approach mandated by Rule 26(c).

An appropriate order follows.

### ORDER

AND NOW, this 2nd day of March, 1994, after careful consideration of defendant's Motion for Protective Order, it is hereby ORDERED that Defendant's Motion is GRANTED subject to the restrictions and procedures set forth in the attached Memorandum.

Confidential Documents shall be used solely for the purposes of this litigation captioned as *Miles v. Boeing,* Civil Action No. 93–3063, which is currently pending in the United States District Court for the Eastern District of Pennsylvania, and shall be disclosed only to the following persons:

a. counsel for any party engaged in the litigation of this action and professional, clerical, secretarial and other support personnel of such counsel;

b. specifically named parties to this litigation;

c. experts retained to assist counsel for any party to this litigation;

d. witnesses in the course of deposition or at trial, in the good faith belief of counsel that examination with respect to Confidential Document is necessary for legitimate discovery purposes;

e. this Court and its employees, the triers of fact and court reporters transcribing testimony herein (whether during the course of deposition or trial testimony) and notarizing officers.

Prior to the disclosure of Confidential Documents to any person described in the preceding paragraphs, counsel for Miles shall provide such person with a copy of this Order and shall advise them that the disclosure of Confidential Documents is subject to its terms. Confidential Documents shall be disclosed to an expert only after the expert has signed a Commitment to Comply With and Be Bound by Confidentiality Order. Counsel for Miles shall retain copies of the undertakings she receives from persons to whom she provides Confidential Documents in accordance with this Order. On request of counsel for Boeing, counsel for Miles shall certify that she has complied with the provisions of this paragraph.

At the conclusion of the lawsuit, all Confidential Documents, including originals, copies, abstracts or summaries thereof, shall be returned to counsel for Boeing, and no copies thereof shall be retained by any other person; provided, however, that counsel for Miles may keep one copy of any part of the Confidential Documents that have become part of the official record of this litigation. Such copy shall remain subject to the terms of this Stipulation.

In any case that Confidential Documents are furnished to a testifying or consulting expert retained by counsel for Miles, counsel for Miles shall have the responsibility of ensuring that all such Confidential Documents, including abstracts and summaries thereof, are returned to Boeing.

Counsel for Miles may retain abstracts or summaries of Confidential Documents which contain counsel's mental impressions or opinions. Such abstracts or summaries shall, however, remain subject to the terms of this Stipulation.