Brian MORRISON,

v.

PHILADELPHIA HOUSING AUTHORITY, Philadelphia Housing Authority Police Department and Anthony Tamburrino.

No. CIV.A. 00–2847.

United States District Court, E.D. Pennsylvania.

Aug. 6, 2001.

D. Louis Nicholson, Law Office of D. Louis Nicholson, Philadelphia, PA, for plaintiff.

Larry L. Turner, Montgomery, McCracken, Walker & Rhoads, Joseph C. Ragaglia, L. Kristen Blanchard, Montgomery, McCracken, Walker & Rhoads, LLP, for defendants.

## MEMORANDUM ORDER

WALDMAN, District Judge.

This is an employment discrimination case. Presently before the court is plaintiff's motion to compel answers to specific interrogatories and document requests.

Plaintiff is a former employee of defendant Philadelphia Housing Authority Police Department which comprises a department within defendant Philadelphia Housing Authority ("PHA").[1] Defendant Tamburrino was plaintiff's supervisor at PHA at the time of the events plaintiff complains of. Plaintiff was terminated from his employment with PHA on September 24, 1999 for the stated reason of having been arrested for forgery and related theft offenses.[2]

Plaintiff alleges that PHA actually terminated his employment because of his Muslim religious beliefs and in retaliation for his having been named as a witness in two other lawsuits against PHA. He alleges that PHA's stated reason for terminating him was a pretext for discriminatory and retaliatory motives. He asserts that other similarly situated non-Muslim officers were not suspended or terminated after having been arrested for or convicted of various offenses. He asserts that defendants employed a "systematic pattern and practice of subjecting other Muslim PHA police officers to adverse and disparate terms and conditions [of employment] because of their religion."

Plaintiff also details another incident of alleged disparate treatment toward him. He alleges that defendant Tamburrino took his firearm away after plaintiff's wife obtained a Protection from Abuse Act restraining order ("PFA Order") against him in October of 1998 and that PHA required him to work as a police officer without a firearm. Plaintiff asserts that defendants refused to reissue a firearm to him after learning that his wife filed a request to vacate the PFA Order and that similarly situated non-Muslim PHA officers who had PFA Orders issued against them were not so treated.

■ A party moving to compel bears the initial burden of showing the relevance of the requested information. *See Northern v. City of Philadelphia*, 2000 WL 355526, *2 (E.D.Pa. Apr.4, 2000); *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D.Pa. 1996). The burden then shifts to the party resisting discovery to justify withholding it. *See id.*

■ Plaintiff seeks to compel defendants to respond to interrogatories 4, 5 and 6 and to document requests 8 and 9. The three interrogatories and document request 8 all seek information regarding the reasons for and the disposition of various requests for medical leave or light duty on the part of three specific officers. Plaintiff acknowledges that he does not seek redress for disparate treatment based upon the delegation of light duty assignments or medical leave. He claims that such information is nevertheless relevant to demonstrate "defendant's systematic practice of discriminating against Muslims prior to 1998."

■ Evidence of other acts of discrimination is generally discoverable. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir.1995) ("an employer's general practices are relevant even when a plaintiff is asserting an individual claim for disparate treatment"); *Berk v. Bates Adver. USA, Inc.*, 1995 WL 559397, * 2 (S.D.N.Y. Sept.19, 1995) (same). Plaintiff, however, has not alleged that he or any other Muslim officer was denied medical leave or a light duty assignment in circumstances where such an accommodation was afforded a non-Muslim officer. Indeed, Plaintiff does not assert that he or any other Muslim officer ever applied for such leave or assignment. Plaintiff has failed to meet the threshold burden of demonstrating the relevance of this information.

---

1. These defendants will be referred to collectively herein as "PHA."

2. These charges were later dismissed.

Document request 9 seeks "[a]ll disciplinary records (including allegations that were determined to be unfounded) and the arrest and convictions" of twelve named PHA officers. Defendants have agreed to produce disciplinary information on all officers "who have had PFA Orders entered against them." Defendants object to the remainder of plaintiff's request as irrelevant and likely to reveal confidential information.

Plaintiff alleges that his arrest on forgery and theft charges was used as a pretext for a discriminatory and retaliatory termination. He alleges that non-Muslim officers, including those he has named, were "given favorable treatment over Muslim officers in terms of discipline." Information on the discipline levied by PHA on other officers who did not fall within the protected class for infractions similar to those committed by plaintiff is clearly relevant evidence in a disparate treatment claim. *See Northern,* 2000 WL 355526 at *4 ("evidence which tends to show that persons who are not members of the protected class are treated more favorably by a defendant may be used as evidence of discrimination").

Defendants' concern regarding the confidential nature of the requested information is well placed as such discovery will necessitate the disclosure of portions of the personnel files of the named officers and derogatory information including such determined to be unfounded. *See Northern,* 2000 WL 355526 at *3 (discovery of personnel files should be limited whenever possible); *Miles v. Boeing Co.,* 154 F.R.D. 112, 115 (E.D.Pa.1994) (employee personnel files are confidential and their discovery should be limited). The appropriate means for protecting the confidentiality of such information, however, is a protective order. *See* Fed.R.Civ.P. 26(c). The granting of plaintiff's motion with respect to document request 9 will thus be subject to an appropriate agreement by plaintiff and plaintiff's counsel to maintain such information in confidence, to utilize it only for purposes of this litigation and to return or destroy it at the conclusion of the litigation.

**ACCORDINGLY,** this 6th day of August, 2001, upon consideration of plaintiff's Motion to Compel Answers to Interrogatories and

Requests for Production of Documents (Doc. # 10), and defendants' response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** in part in that defendants shall produce information responsive to plaintiff's document request number 9 subject to the consummation of a confidentiality agreement, and plaintiff's Motion is otherwise **DENIED.**