**SPRINTURF, INC. and Hank Julcher, Plaintiffs,**

v.

**SOUTHWEST RECREATIONAL INDUSTRIES, INC., Villanova University, Defendants.**

**No. 2:01–CV–07158–LP.**

United States District Court,
E.D. Pennsylvania.

March 10, 2003.

Anthony J. Dimarino, III, Frederick A. Tecce, McShea Tecce PC, Philadelphia, PA, Joseph M. Fioravanti, Media, PA, for Plaintiffs.

A. Kirk Gasperecz, Adams & Reese, Chris P. Perque, Adams and Reese, LLP, New Orleans, LA, Julianna Burdo, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for Defendants.

### MEMORANDUM/ORDER

POLLAK, District Judge.

Presently before the court are three separate, unopposed motions by defendants Southwest Recreational Industries ("Southwest") and Villanova University ("Villanova") for protective orders pursuant to Federal Rule of Civil Procedure 26(c). Defendants have also submitted with Plaintiffs Sprinturf, Inc. and Hank Julicher ("Julicher") a document titled "Stipulated Protective Order" ("SPO") for court approval. For the following reasons, the SPO will be denied, the first motion for a protective order will be granted, and the second and third motions will be denied.

### I. Federal Rule of Civil Procedure 26(c)

The court may order, upon the demonstration of good cause, that "a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." Fed. Rul. Civ. Pro. 26(c)(7). Protective orders of confidentiality cannot be granted arbitrarily. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785–86 (3d Cir.1994). Rather than "routinely sign[ing] orders which contain confidentiality clauses without considering the propriety of such orders, or the countervailing public interests which are sacrificed by the orders," courts must carefully scrutinize requests for confidentiality orders. *Id.* at 785–86. Even unopposed motions must be scrutinized. *Software Consulting Partners, Inc. v. Medline Indus., Inc.*, 1999 WL 252476, at *1, 1999 U.S. Dist. LEXIS 5908, at *2 (E.D. Pa. April 26, 1999) (denying unopposed motion for protective order).

■ In order to receive the benefit of a protection order, the party seeking the order must show that the information sought is a trade secret or other confidential information protected by Rule 26(c)(7), and that good cause exists to prevent the disclosure of this information. *Miles v. Boeing Co.*, 154 F.R.D. 112, 114 (E.D.Pa.1994). Good cause is established by showing that disclosure will inflict a clearly defined and serious injury on the moving party. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984). Broad allegations of harm, "unsubstantiated by specific examples or articulated reasoning," do not meet the requisite level of specificity to show "good cause." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986).

■ In determining whether "good cause" exists, the court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Pansy*, 23 F.3d at 787. The Third Circuit has identified a number of factors that may be considered when conducting this balancing test:

(1) whether disclosure will violate any privacy interests;

(2) whether the information is being sought for a legitimate purpose or for an improper purpose;

(3) whether disclosure of the information will cause a party embarrassment;

(4) whether confidentiality is being sought over information important to public health and safety;

(5) whether the sharing of information among litigants will promote fairness and efficiency;

(6) whether a party benefiting from the order of confidentiality is a public entity or official; and

(7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir.1995). Once again, the "burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order." *Pansy,* 23 F.3d at 786–87.

## II. Stipulated Order

█ Protective orders stipulated between the parties are not guaranteed judicial approval. *See, e.g., Horgan v. Independence Blue Cross,* 1994 U.S. Dist. LEXIS 1145, at *7 (E.D.Pa. Feb. 3, 2000) (denying judicial approval for stipulated protective order). Stipulated protective orders must still meet the requirements of Rule 26(c), which requires demonstrating the existence of confidential information and good cause as to why such information should not be disclosed.

█ Under the SPO proposed by the parties in the case at bar, "either party, or any third person subject to subpoena in this action ... may designate [discovery materials] as 'confidential' or 'confidential—attorneys only.'" Stipulated Protective Order at ¶ 1. Any party may object in writing to the designation of any material, and, if the dispute cannot be resolved, the "objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as Confidential Information." *Id.* at ¶ 11. The designating party is then required to move the court for an "order preserving the designated status of such information within fourteen days of receipt of the written objection, or else waive the confidential status of this docu-

ment permanently." *Id.* at ¶ 11. The protective order also articulates who may be shown information designated "confidential," what limitations exist on disclosure of this information, and the appropriate standard of care that must be used to ensure the confidential nature of the material. *Id.* at ¶¶ 6, 13.

This court will not approve the SPO for several reasons. First, the SPO fails to require the demonstration of good cause prior to a designation of "confidential." *See Syncor Int. Corp. v. Chetan,* 2000 WL 133754, at *2, 2000 U.S. Dist. LEXIS 1020, at *5 (E.D.Pa. Feb. 3, 2000) (no judicial approval for joint protective order failing to consider good cause standard). Second, the order itself does not require parties to show with any specificity what documents will fall within the purview of the order or what precise and well-defined harm will accompany the disclosure of such documents. *Id.* at *2, 2000 U.S. Dist. LEXIS 1020, at *5 (no judicial approval for joint protective order failing to state with specificity that disclosure will cause defined injury). Third, due to the sheer breadth of this order, its effectuation could well "result in the expenditure of significantly scarce judicial time and resources by entangling the court in a contempt hearing and other proceedings regarding tangential disputes of the parties, and between parties and third parties." *Behrendt v. Unum Life Insur. Co. of America,* 2000 WL 1286382, at *1, 2000 U.S. Dist. LEXIS 13247, at *1 (E.D.Pa. Sept. 5, 2000).

Although the court declines to sign the proposed SPO, the parties may still "stipulate among themselves to whatever confidentiality they reasonably, lawfully, and ethically conclude is appropriate." *Horgan,* 1994 U.S. Dist. LEXIS 1145, at *6. In turn, "any alleged breach thereafter may result in sufficient grounds to apply to the court for a court Order for protection of some sort permitted by the rules or specifically by Rule 26(c)(7)." *Id.*

## III. Defendants' Motions For Protective Orders

### 1. First Motion For Protective Order

The defendants' first motion seeks a protective order limiting disclosure of the follow-

ing documents already submitted to the court: Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction; the Declaration of Reed Seaton ("Seaton Decl."); and Exhibits "W" and "X" attached to the Seaton Declaration. Def.'s First Mot. at ¶ 1. The defendants seek to limit the disclosure of the contents of these documents to purposes directly related to this litigation, necessary for the prosecution or defense of the litigation, and/or necessary to respond to motions within this litigation.

■ The defendants have demonstrated that the information contained in the enumerated documents is confidential and sensitive. This information includes: Southwest's past and future market share, the size of future markets, the impact of plaintiffs' request for injunctive relief on Southwest's customers, and proprietary information regarding the development of Southwest's AstroPlay product line. This information, taken together, constitutes confidential commercial information. *See Miles,* 154 F.R.D. at 114 (information that reflects corporation's price competitiveness in market constitutes confidential commercial and research information under Rule 26(c)(7)).

■ The defendants have also demonstrated that the release of this information could result in competitive disadvantage to Southwest within the Astroturf market. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* 529 F.Supp. 866, 890 (E.D.Pa.1981) (competitive disadvantage recognized harm under Rule 26). This release could enable Southwest's competitors to duplicate Southwest's trade secrets, particularly to the extent that Exhibits "W" and "X" to the Seaton Declaration contain testimony about the development and testing of the AstroPlay product line. Southwest's competitors would be able to exploit this information during negotiations with Southwest's customers, thereby undermining the defendant's market position. Accordingly, the defendants have demonstrated the good cause necessary to justify a confidentiality order.

### 2. Second Motion For Protective Order

■ The defendants' second motion seeks a protective order limiting disclosure of the following documents already submitted to the court: Defendants' Motion to Correct Inventorship; Defendants' Motion to Dismiss Plaintiffs' Complaint; and Memorandum and Exhibits B in support thereof. Def.'s Second Mot. at ¶ 1. The defendants claim that they are entitled to protective relief because the disclosure of such information would violate a confidentiality agreement entered into between an unnamed individual and Southwest on January 24, 2002, which barred disclosure of certain confidential information pertaining to the conception and development of the turf product described and claimed in the '645 Patent. The defendants also claim that this unnamed individual "believes that his interests will be adversely affected if the documents and information sought to be protected are disclosed to the public." *Id.* at ¶ 1. The defendants seek the same limitations on the disclosure of this information as sought in their first protective order.

The defendants have not met the requisite standard. First, the defendants have not demonstrated that the information in these documents constitutes a protectable trade secret. Nor have the defendants shown how the details of the unnamed party's role in the invention of the '645 Patent constitute confidential information.

Second, the defendants have failed to articulate with particularity why the disclosure of this information to the public will result in a defined and serious injury. *See Wils v. Phillips,* 1999 WL 1212191, at *1, 1999 U.S. Dist. LEXIS 19298, at *2 (E.D.Pa. Dec. 17, 1999) (failure to show with any specificity that disclosure will cause a defined and serious injury fatal to protective order). To the extent that Southwest is worried about its financial status, Southwest has failed to demonstrate specific injury. Southwest does not claim that disclosure will hinder its market position or that disclosure will subject the corporation to liability for breach of its confidentiality agreement. On the other hand, to the extent that Southwest is concerned about the unnamed individual's financial status, this concern also fails to meet the Rule 26(c) stan-

dard. Southwest fails to demonstrate why the interests of an anonymous non-party should be protected in this way, or why this person would be adversely affected if the information about co-inventorship is disclosed to the public. Southwest's very generalized conclusions fail to demonstrate the specific injury necessary to support a showing of good cause. *See Publicker Indus., Inc. v. Cohen,* 733 F.2d at 1071.

3. Third Motion For Protective Order

The defendants third motion seeks a protective order limiting disclosure of the following documents already submitted to the court: Defendants' Supplemental Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction; Defendants Findings of Fact and Conclusions of Law; and "any of the information contained therein for any purpose that is not directly related to this litigation or necessary for its prosecution or defense." Def.'s Third Mot. at ¶ 2. This motion also fails to show why the information contained in these documents should be considered either a trade secret or sensitive business information, and why the disclosure of such information would result in a specific injury. In fact, defendants once again rest on the bald conclusion that the unnamed third party "believes that his interests will be adversely affected if the documents and information sought to be protected are disclosed to the public or used in any way except by the parties for reasons related to the prosecution and defense of this action." *Id.* at ¶ 1. Accordingly, the third motion will also be denied for failing to meet the specificity standard of Rule 26(c).

IV. Conclusion

The SPO submitted by the parties will be denied. The defendants' first motion for a protective order will be granted, as it clearly articulates why the information contained in the documents is confidential and why the disclosure of that information would inflict specific harm. However, the defendants have failed to carry this burden for the section and third motions, which will conse-

quently be denied, albeit with leave to amend. An appropriate Order follows.